### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**M.B.,** a minor by and through her next                **PLAINTIFF**
Friend, **KANWAR SINGH BEDI**

**V.**                   **CAUSE NO. 3:13-CV-00241-CWR-FKB**

**RANKIN COUNTY SCHOOL DISTRICT**
and **CHARLES FRAZIER,** Individually and
in his Official Capacity as Principal of
Northwest Rankin High School               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion for attorneys' fees. Docket No. 100. Defendant filed its response in opposition to plaintiff's motion, Docket No. 102, and plaintiff did not file a reply brief. Having considered the parties' arguments, evidence, and applicable law, the plaintiff's motion is granted in part and denied in part.

### I. Background

The Court provided the factual background for this action in its July 10, 2015 Order granting in part plaintiff's motion for contempt. *See* Docket No. 99. In its Order, based on defendants' contempt, the Court awarded reasonable attorneys' fees and costs in connection with the contempt motion. *Id.* at 21.[1] Plaintiff's counsel was ordered to file the appropriate motion within 21 days of the Court's Order. *Id.* Plaintiff filed her motion for attorneys' fees, Docket No. 100, and defendant responded, Docket No. 102.

### II. Legal Standard

Plaintiff brought this action under 42 U.S.C. § 1983. Thus, pursuant to 42 U.S.C. § 1988, the Court may award reasonable attorney's fees to the prevailing party. To be considered a

---

[1]  The term "defendants" refers to the Rankin County School District ("RCSD").

prevailing party, the party must "have succeeded on any significant issue of litigation which achieves some of the benefit the parties sought in bringing the suit." *E.E.O.C. v. ClearLake Dodge*, 60 F.3d 1146, 1153 n.9 (5th Cir. 1995). Calculating the lodestar is the starting point for any determination of reasonable attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." *Id.*

After determining the lodestar, the Court may adjust it based on its analysis under the *Johnson* factors. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 & n.6 (5th Cir. 1993) (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974)). The twelve factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in other cases.

*Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). "The party seeking reimbursement of attorneys' fees has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quotation marks, citation, brackets, and ellipses omitted). There must be some evidence produced to show that the amount sought is reasonable and that the hours were reasonably expended. *Id.* at 325.

Where "the record is virtually devoid of any information helpful to a determination of whether or how his hours were spent beneficially on this litigation," the request for fees must be denied. *Id.* at 326; *see Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379-80 (5th Cir. 2010) ("The

court should exclude all time that is excessive, duplicative, or inadequately documented."); *see also Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 245 (5th Cir. 2011) ("When a party fails to present competent evidence to determine attorney's fees, the award may be denied.") (applying Mississippi law).

### III. Discussion

In this case, plaintiff filed a motion for contempt, Docket No.64, and a supplemental motion for contempt, Docket No. 90. The Court considered the motions, defendants' responses, and the applicable law and concluded that defendants were in contempt of the Court's previous Order. Docket No. 99. Defendants do not object to the fact that plaintiff is entitled to reasonable attorneys' fees as a prevailing party in this matter. *See* Docket No. 103 ("Defendant does not deny that Plaintiff is entitled to **reasonable** attorney fees.") (emphasis in original).

### A. Calculation of the Lodestar

In determining the appropriate award, the Court must first calculate the lodestar, which is the number of reasonably expended hours multiplied by the hourly rate. *See Shipes*, 987 F.2d at 319. RCSD does not object to the hourly rates charged by each of the four lawyers representing the plaintiff. *See* Docket No. 103 ("Defendant [does not] object to the rates requested for each attorney."). Plaintiff's counsel, Monica Miller and Dianne Ellis, state that their reasonable hourly rate is $225.00, and David Niose asserts that his reasonable rate is $325.00. Since there is no objection from RCSD, the Court accepts these rates as the appropriate, reasonable rate based on the prevailing community standards.

Rita Silin submitted documentation of her reasonable hourly rate as both $200.00 and $225.00. *See* Docket No. 100-4, at 2-3. In her declaration, she states that she performed 61.2 hours of work in this matter at a rate of $225.00. However, upon the Court's review of her

itemized bill, her hours total 68.8 and she lists her hourly rate as $200.00. *See* Docket No. 100-4, at 3-5. Based on this information, RCSD's brief indicates that it believed her hourly rate to be $200.00. *See* Docket No. 103, at 12.[2] Thus, based on Ms. Silin's representation, the defendant's understanding and Ms. Silin's failure to correct this error in a reply brief, the Court finds that an hourly rate of $200.00 is reasonable by the prevailing community standards and within its discretion in doing "rough justice" to adjust the rate accordingly. However, RCSD objects to the reasonableness of some of the hours submitted by plaintiff's counsel on the basis that they (1) relate to a separate public records request; (2) are vague and improperly documented; and (3) are excessive and duplicative. In calculating the lodestar, the Court will examine the billing entries as a whole and consider each of these objections in turn.[3] As Justice Kagan noted, "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205, 2216 (2011).

### 1. Billing Entries related to the Public Records Request regarding the Distribution of Gideon's Bible

RCSD objects to several billing entries submitted by attorneys Dianne Ellis and Rita Silin regarding the public records concerning the distribution of Gideon's Bibles at North Rankin Elementary. Defendant argues that these entries relate to a separate matter and should be excluded as unrelated. In support of this argument, defendants cite to the language in a letter sent by Ms. Ellis after the District initially refused to produce the documents. *See* Docket No. 96-4 at 35-37. Plaintiff's counsel does write that the request is unrelated to the instant litigation, but that statement was at least in part due to the district's assertion that it was denying the

---

[2] The Court recognizes that it is unlikely that RCSD would have objected to a rate of $225.00 for Ms. Silin since it did not object to the rate for her co-counsel. However, Ms. Silin used the rate of $200.00 on her itemized bill and the total number of fees she requests is based on working 68.8 hours at a rate of $200.00. Ms. Silin did not file a reply brief to clarify her rate after defendant made it clear that it understood her rate was $200.00.

[3] The Court notes that some of the hours listed in Defendant's briefing differ from the plaintiff's counsel's entries. As such, the Court will use the hours listed in plaintiff's counsel's invoices to calculate the exact number of hours that should be included in the award of attorneys' fees.

request in part due to this litigation. *See id.* at 36. Fees related to separate proceedings and litigation can be included in an attorneys' fee award when the work was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens; Council for Clean Air (Delaware Valley I)*, 478 U.S. 546, 561 (1986).

In this case, the Court has already concluded that the distribution of Gideon's Bibles at North Rankin Elementary is germane to this action. In its Order, the Court found that the distribution of the bibles at the elementary school was a separate basis for its contempt finding. *See* Docket No. 99, at 20. However, the public records request and subsequent complaint were separate from this action; in fact, that litigation continued after the hearing and briefing was complete in this case. Moreover, the Mississippi Ethics Commission did not issue its final order until June 2015. *See* Docket No. 102-2 and Docket No. 103, at 4. Although the public records request litigation is separate, the Court did consider Ms. Ellis's declaration and exhibits in its decision regarding the contempt motion. Therefore, Ms. Ellis's hours related to the drafting of the declaration should not be excluded.

Accordingly, the Court finds that all billing entries submitted by Ms. Silin and Ms. Ellis related to the public records request, except Ms. Ellis's entry on January 19, 2015 for 3.6 hours that was filed as Exhibit D to Docket No. 96, will be excluded.[4]

### 2. *Vague Billing Entries*

RCSD contends that several entries submitted by Ellis and Silin should be deducted because they are vague or otherwise improperly documented. In part, Defendant bases this

---

[4] The Court will exclude following billing entries submitted by Ms. Silin: 10/19/14 (1.0);12/11/14, (1.5); 12/12/14 (1.5); 1/5/15 (1.5); 1/26/15 (0.5). In addition, the Court will exclude the following billing entries submitted by Ms. Ellis: 10/19/14 (1.3); 12/1/14 (4.8); 12/3/14 (2.1); 12/11/4 (1.8); 12/12/14 (1.5); 12/15/14 (1.6); 12/16/14 (2.6); 1/3/15 (1.8); 1/21/15 (0.8); 1/26/15 (0.5); 1/30/15 (1.0) Further, three separate charges for $21.76, 21.76, and $32.61 for certified mail costs related to the public records request will also be deducted from Ms. Ellis's bill.

objection on its argument that some of the records are related to the separate public records request. Thus, defendant asserts "[W]ithout more detail, the entries listed below are too vague and incomplete to determine if the appropriate client account has been charged."[5] Docket No. 103, at 6.

The district court has wide discretion in determining an appropriate fee award. "[O]ur case law has not precisely defined the appropriate standard [for vagueness], if in fact it is susceptible of being thus defined." *Kellstrom*, 50 F.3d at 326.  "Accordingly, 'not illuminating as to the subject matter' or 'vague as to precisely what was done gives the district court sufficient leeway with which to accept or reject fee applications[.]" *Id.* at 326-27 (external citation omitted).

Again, RCSD only challenges the billing records of local counsel, Rita Silin and Dianne Ellis.  In examining the submitted billing records along with the court filings and docket sheet, the Court disagrees with defendant's argument that the challenged billing entries are vague. For instance, defendant challenges identical entries from Ms. Silin and Ms. Ellis on October 9, 2014 for a "conference with co-counsel re: discovery and hearing dates." Docket No. 103, at 7. On its face, the Court finds this entry is specific enough to indicate the subject matter that was discussed. Additionally, this conference occurred two days after the Court set the motion for contempt for a hearing and established discovery deadlines.

Overall, in looking at plaintiff's counsel's billing records in conjunction with the docket sheet and the Court's familiarity with the proceedings, the Court concludes that almost none of the entries to which Defendant objects to in their brief are so vague as to warrant being excluded from the fee award. However, the Court will exclude the April 14, 2015 entry from Ms. Ellis's

---

[5] This argument is particularly interesting because some of the challenged billing entries align or are very similar to work billed by Ms. Miller, yet Defendants do not object to her billing entries.

invoice for "conference with co-counsel" because it was after the briefing and hearing in this matter and does not provide further information regarding the purpose of the conference. In addition, the Court will reduce Ms. Ellis's entry from May 14. 2015 for 1.8 hours for "conference with co-counsel, draft email to judge's chambers regarding status if [sic] case" to 1.0 hours to align with the conference with co-counsel billed by Ms. Silin on this same date.[6] Additionally, the Court agrees with defendant and will deduct the hours billed by Ms. Silin on January 6 and January 9 related to trial preparation because both entries lack specificity as to the actual tasks performed in preparation of the hearing that was scheduled.[7]

### 3.  Excessive and Duplicative Billing Entries

In addition, RCSD asserts that the work of Dianne Ellis and Rita Silin was excessive and duplicative in nature since Monica Miller and David Niose also billed related to the same filings. Defendant lists the billing entries for all plaintiff's counsel by court filing and request that all of the hours by Ms. Ellis and  Ms. Silin be deducted.

Based on RCSD's argument, approximately one-fourth of Ms. Ellis's hours and one-third of Ms. Silin's hours should be disallowed. *See* Docket No. 103, at 12. As local attorneys in a case involving non-resident attorneys, Ms. Silin and Ms. Ellis had specific obligations. The relevant local rule regarding a resident attorney's responsibilities where outside counsel has been admitted *pro hac vice* states:

> No eligible nonresident attorney may appear pro hac vice unless and until a resident attorney has been associated. The resident attorney remains responsible to the client and responsible for the conduct of the proceeding before the court. It is the duty of the resident attorney to advise the client of the resident attorney's independent judgment on contemplated actions in the proceedings if that judgment differs from that of the non-resident attorney. At least one resident attorney must sign every submission filed with the court and must personally

---

[6] Accordingly, Ms. Ellis's bill will be reduced by 0.5 hours for the entry on April 14, 2015 and by 0.8 for the entry on May 14, 2015.

[7] Specifically, the Court will deduct 5.5 hours for the January 6 entry and 5.0 hours for the January 9 entry.

> appear and participate in all trials, in all pretrial conferences, case management conferences and settlement conferences, hearings and other proceedings conducted in open court, and all depositions or other proceedings in which testimony is given.

L.U.Civ.R. 83.1(d)(3). Given the local rule, Ms. Silin and Ms. Ellis had an ongoing obligation to be actively involved in all aspects of the litigation. The local rules do not allow a non-resident attorney to bring a case in this District without the ongoing involvement of local counsel. It is difficult to understand how local counsel could fulfill their independent ethical obligations to the client and comply with the local rules if they were not involved in the drafting and review of the numerous filings and discovery related to the case.

In determining whether local counsel's hours were duplicative and excessive, the Court considers whether the nature of the issues presented in this action required the work of multiple attorneys. Courts have regarded the Establishment Clause litigation as "an area notorious for its difficult case law." *Robinson v. City of Edmond*, 160 F.3d 1275, 1282 (10th Cir. 1998). Moreover, in this action, plaintiff contends there was a need to conduct research and present arguments related to enforcement of the consent decree as well as case law to assist in the determination of an appropriate civil contempt fine. *See* Docket No. 100-1, at 6.

RCSD asserts that the 3.5 hours Ms. Silin spent reviewing, researching, and speaking with co-counsel concerning the initial motion for contempt and the 3.9 hours Ms. Ellis billed for similar tasks in May 2014 should be deducted as excessive and duplicative. Docket No. 103, at 8. Ms. Miller billed 26.25 hours for the work in drafting, revising and editing the motion and memorandum of law. Therefore, the Court finds it reasonable that additional attorneys would assist in reviewing and editing the brief before filing.[8]  In examining the billing records along with the Court's knowledge of the multiple issues presented in this case, the Court disagrees with

---

[8] The Court notes that plaintiff's motion for contempt included multiple exhibits and an accompanying memorandum of more than 25 pages.  In turn, this Court issued a 21-page order addressing the issues.

defendant and finds the work done by Ms. Ellis and Ms. Silin was not per se excessive and duplicative. Docket No. 103, at 8-11.

Defendant's objection does not raise a specific argument as to why the work of local counsel was excessive or duplicative, but instead makes a sweeping objection to all of their hours billed regarding court filings and reviewing discovery. The proportion of hours billed by local counsel in conjunction with Ms. Miller's hours appears reasonable. In fact, the billing entries from plaintiff's counsel indicate that Ms. Silin and Ms. Ellis likely reviewed and edited the documents and sent them back to Ms. Miller for final changes before filing. Moreover, this Court finds that it would be inappropriate to disproportionately reduce local counsel's fees, simply because outside counsel is also involved.[9]  "All attorneys who contribute their services to a case may be awarded reasonable attorneys' fees." *Dowdell v. City of Aopoka, Fla.*, 698 F.2d 1181, 1188 (11th Cir. 1983).

Since the local rules require a resident attorney's presence at any proceedings and depositions related to a case, it follows that local counsel would need to be involved in the briefing and discovery-related tasks in a given case. Local counsel is the best resource regarding the local rules and practice of this District. Although, it is undisputed that Ms. Miller and Mr. Niose brought specialized expertise in litigating First Amendment cases, without some local counsel, this case could not have been filed and the District would have likely continued to

---

[9] Further, the Court acknowledges that cases seeking to vindicate the violation of a constitutional or civil right can be viewed as undesirable by many attorneys. "Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant. Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries." *Johnson*, 488 F.2d at 719. Any additional restriction, other than what is already prescribed in statute and case law, on a local attorney's ability to recoup fees could further chill an attorney's willingness to litigate such matters. Moreover, as explained by one court, "[i]t is not unusual for more than one law firm to be involved in a complicated case, especially when one firm is from out of town and focused its energies on the administrative portion of the case and another firm is, in effect, the primary local counsel who coordinated the litigation in this district." *Advanced Diabetes Treatment Cntrs, LLC v. Sebelius*, No. 09-61698, 2012 WL 5077155, at *14 (S.D. Fla. 2012) *report and recommendation adopted*, 2012 WL 5062415 (S.D. Fla. 2012).

violate the constitutional rights of plaintiff and other students. Moreover, the evidence does not suggest that local counsel did nothing.

However, in the Court's analysis of the billing records, the Court does find that some of the submitted hours were unreasonable and/or excessive and will reduce or deduct them accordingly. Specifically, the Court will deduct Ms. Silin's January 13, 2015 entry for 2.0 hours to "review the memorandum" because it occurred the day after the memorandum in support of plaintiff's motion for leave to file was filed. Additionally, the Court will reduce the hours billed for the January 14, 2015 telephonic status conference with the Court by Ms. Silin and Ms. Ellis to the 0.5 billed by Ms. Miller.  Further, RCSD requests the deduction of hours submitted by plaintiff's counsel for refiling their brief due to the failure to comply with Local Rule 7(b)(5). The Court agrees that these hours should be deducted from the total hours.[10]

## B.  The *Johnson* Factors

After calculating the lodestar, the Court may further adjust the award of attorney's fees based on the *Johnson* factors. *Shipes*, 987 F.2d at 320. The Court "must be careful, however, not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments." *Id.* Some of the *Johnson* factors are "presumably fully reflected in the lodestar amount." *Id.* (external citation omitted). The Court has considered the *Johnson* factors and finds that no further adjustments should be made beyond those that were addressed in the Court's lodestar analysis.

## IV. Conclusion

For the reasons above, the Court grants in part and denies in part plaintiff's motion for attorneys' fees. After its review the Court deducts  2.25 hours from Ms. Miller's 128.75 total

---

[10] Accordingly, the Court will deduct 2.25 from Ms. Miller's bill for the January 21, 2015 entry. Additionally, the Court will also disallow Ms. Silin's 1.0 hour entry and Ms. Ellis's 0.8 hour entry for this same date.

hours. In addition,  23.7 hours will be deducted from Ms. Ellis's 86.8 submitted hours, and an additional $76.13 in expenses will also be deducted, and 20.2 hours will be deducted from Ms. Silin's 68.8 total billed hours. No hours were deducted from Mr. Niose. Based on the billing entries submitted by each of plaintiff's attorneys, the award is divided as follows:

      A.  Monica Miller: $28,462.50

      B.  David Niose: $4,875.00

      C.  Dianne Ellis: $14,197.50

      D.  Rita Silin: $9,832.00 (includes $112.00 in expenses for the transcript)

Accordingly, the Court awards attorneys' fees to plaintiff's counsel in the amount of $57,367.00.

The district is ordered to pay this amount on or before 21 days from the date of this Order.

**SO ORDERED**, this the 17th day of March, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE